Steven Goldstein
Betts, Patterson & Mines, P.S.
One Convention Place
701 Pike Street, Suite 1400
Seattle, Washington 98101-3927
Direct Dial: (206) 268-8681

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCISCO MIRANDA,

                Plaintiff,

         vs.

ALASKA LONGLINE, LLC., OCEAN
PROWLER, LLC. AND PROWLER
FISHERIES LLC.

           Defendants.

NO.

NOTICE OF REMOVAL

TO:    THE CLERK, United States District Court for the Western District of Washington at Seattle

Defendants Alaska Longline, LLC., Ocean Prowler LLC., and Prowler Fisheries LLC., ("Defendants") hereby file this Notice of Removal to remove this action from the Washington State Superior Court for King County, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1331 and 1441.

NOTICE OF REMOVAL
829779/012715 1534/6184-0171

- 1 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1      Plaintiff Francisco Miranda filed this cause of action on November 3, 2014,

2  in the Superior Court for the State of Washington for King County, under Cause

3  No. 14-2-29906-1 SEA. Plaintiff served a copy of the Summons, Complaint and

4  Case Scheduling Order on Defendants on January 14, 2015 when counsel for

5  defendants executed an Acceptance of Service of Process. True and correct

6  copies of the Summons, Complaint, Case Scheduling Order, and Acceptance of

7  Service are attached hereto as Exhibits A, B, C and D. No other documents were

8  served on Defendants.

9      **A.    Original Jurisdiction is Vested in Federal Court**

10      The United States District Court has original jurisdiction of the subject

11  matter of this action under 28 U.S.C. §1331. Plaintiff's Complaint has alleged

12  federal questions as a basis for his action. Specifically, Plaintiff contends the

13  Defendants violated 42 U.S.C. § 1981. (*See* Complaint, Section I.1.)

14      **B.    Removal is Timely and Proper**

15      This action is removable to the United States District Court pursuant to 28

16  U.S.C. § 1446(b), which provides that a case may be removed within 30-days

17  after Defendant's receipt, through service or otherwise, of a copy of the initial

18  pleading setting forth the claim for relief upon which such action is based.

19  Defendants were served with the Summons, Complaint and Case Scheduling

20  Order on January 14, 2015 when counsel for defendants signed the Acceptance of

21  Service. This Notice of Removal has been filed within 30-days after receipt of

22  such service, as required by statute.

23      **C.    The U.S. District Court for the Western District of Washington**
**at Seattle is the Proper District Court**

24

25

NOTICE OF REMOVAL       - 2 -
829779/012715 1534/6184-0171

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    This Court is the United States District Court for the Western District of

2    Washington is the district where the state action is currently pending and, thus,

3    this is the appropriate Court for removal pursuant to 28 U.S.C. § 128 and 28

4    U.S.C. § 1441 (a).

5    **D.    No Other Defendants; Joinder is Not Required**

6    All defendants are filing this Notice of Removal so no consent is required

7    to remove this case to the United States District Court..

8    **E.    Notice to Plaintiff and State Court**

9    In compliance with 28 U.S.C. § 1446, a copy of the Notice of Removal to

10   Clerk of Superior Court for Pierce County is attached hereto as Exhibit E

11   ("Notice of Filing of Notice of Removal").  Consistent with that same statute,

12   Defendants have also provided written notice of this Notice of Removal to

13   Plaintiff.  A true and correct copy of the Notice of Removal to Federal Court to

14   Plaintiff is attached as Exhibit F.

15   Wherefore, Defendants pray that the above-entitled action now pending

16   before the Superior Court of the State of Washington for King County, Cause No.

17   14-2-299906-1 SEA be removed to the United States District Court for the

18   Western District of Washington.

19

20

21

22

23

24

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1    DATED this 28th day of January, 2015.

2                              BETTS, PATTERSON & MINES, P.S.

3                                        */s/ Steven Goldstein*

4                              By_____

5                                 Steven Goldstein, WSBA #11042
                                    Betts, Patterson & Mines, P.S.

6                                    One Convention Place
                                    701 Pike Street, Suite 1400

7                                    Seattle, Washington  98101-3927

8                                    Direct Dial:  (206) 268-8681
                                    FAX:  (206) 343-7053

9                                    Email:  sgoldstein@bpmlaw.com

10                             Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# EXHIBIT A

## to

# Notice of Removal

FILED

14 NOV 03 PM 2:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

IN THE SUPERIOUR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| FRANCISCO MIRANDA,<br><br>        Plaintiff,<br><br>   v.<br><br>ALASKA LONGLINE, LLC, OCEAN PROWLER, LLC and PROWLER FISHERIES, INC.<br><br>        Defendants. | No.<br><br>SUMMONS TO ALASKA LONGLINE, LLC |

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

TO:    ALASKA LONGLINE, LLC

A lawsuit has been started against you in the above-entitled court. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

DATED this 3rd day of November, 2014.

THE BLANKENSHIP LAW FIRM, P.S.

By:_____
    Scott C. G. Blankenship, WSBA No. 21431
    Robin J. Shishido, WSBA No. 45926
    The Blankenship Law Firm, P.S.
    1000 Second Avenue, Suite 3250
    Seattle, WA 98104
    Telephone: (206) 343-2700
    Fax: (206) 343-2704
    Email:   sblankenship@blankenshiplawfirm.com
             rshishido@blankenshiplawfirm.com
Attorneys for Plaintiff

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

FILED

14 NOV 03 PM 2:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

IN THE SUPERIOUR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| FRANCISCO MIRANDA, | No. |
| Plaintiff, | SUMMONS TO OCEAN PROWLER, LLC |
| v. | |
| ALASKA LONGLINE, LLC, OCEAN PROWLER, LLC and PROWLER FISHERIES, INC. | |
| Defendants. | |

SUMMONS TO OCEAN PROWLER, LLC
Page i

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

**TO:   OCEAN PROWLER, LLC**

A lawsuit has been started against you in the above-entitled court. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

DATED this 3rd day of November, 2014.

THE BLANKENSHIP LAW FIRM, P.S.

By:
Scott C. G. Blankenship, WSBA No. 21431
Robin J. Shishido, WSBA No. 45926
The Blankenship Law Firm, P.S.
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email:   sblankenship@blankenshiplawfirm.com
         rshishido@blankenshiplawfirm.com
Attorneys for Plaintiff

SUMMONS TO OCEAN PROWLER, LLC
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

FILED

14 NOV 03 PM 2:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

IN THE SUPERIOUR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| FRANCISCO MIRANDA,<br><br>               Plaintiff,<br><br>        v.<br><br>ALASKA LONGLINE, LLC, OCEAN PROWLER, LLC and PROWLER FISHERIES, INC.<br><br>               Defendants. | No.<br><br>SUMMONS TO PROWLER FISHERIES, INC. |

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

**TO: PROWLER FISHERIES, INC.**

A lawsuit has been started against you in the above-entitled court. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

DATED this 3rd day of November, 2014.

THE BLANKENSHIP LAW FIRM, P.S.

By: _____
Scott C. G. Blankenship, WSBA No. 21431
Robin J. Shishido, WSBA No. 45926
The Blankenship Law Firm, P.S.
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email:    sblankenship@blankenshiplawfirm.com
          rshishido@blankenshiplawfirm.com
Attorneys for Plaintiff

SUMMONS TO PROWLER FISHERIES, INC.
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

# EXHIBIT B

## to

## Notice of Removal

FILED

14 NOV 03 PM 2:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

IN THE SUPERIOUR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

FRANCISCO MIRANDA,

              Plaintiff,

      v.

ALASKA LONGLINE, LLC, OCEAN
PROWLER, LLC and PROWLER FISHERIES,
INC.

              Defendants.

No.

COMPLAINT FOR DAMAGES

COMPLAINT FOR DAMAGES
Page i

# I. NATURE OF THE ACTION

1. This is an action for declaratory judgment, equitable relief, and monetary damages, instituted to secure the protection of and redress the deprivation of rights secured through the Washington Law Against Discrimination, RCW 49.60, *et seq.* ("WLAD") and 42 U.S.C. § 1981, *et seq.* ("Section 1981"). Plaintiff Francisco Miranda alleges that Defendants Alaska Longline, LLC, Ocean Prowler, LLC, and Prowler Fisheries, Inc. (collectively, "Defendants") subjected him to harassment and discrimination on the basis of his race (Hispanic) and national origin (Mexican). Plaintiff also alleges that Defendants retaliated against him for opposing the harassment and discrimination, and took adverse actions against him, including ultimately terminating his employment because of his race (Hispanic) and national origin (Mexican). Plaintiff alleges that these actions by Defendants violate WLAD and Section 1981.

2. Plaintiff seeks monetary and injunctive relief from Defendants, including relief for pecuniary and non-pecuniary damages, compensatory damages, and punitive damages to the fullest extent authorized by law.

3. Plaintiff Miranda reserves the right to amend his complaint to include claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

4. Plaintiff has filed charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found reasonable cause to believe that Defendants subjected Plaintiff to an illegal hostile work environment, which included harassment on the basis of his national origin, repeated racial slurs and derogatory comments about Hispanics, and failure to take proper steps to stop the harassing conduct. The EEOC is still investigating the Title VII claims for discriminatory discharge and retains jurisdiction.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

## II.   JURISDICTION, VENUE AND PARTIES

5.      This Court has jurisdiction pursuant to RCW 2.08.010 because Plaintiff requests relief exceeding $300.00.

6.      At all times relevant to this complaint, one or more of Defendants conducted business in the State of Washington.

7.      At all relevant times, Defendants were employers engaged in an industry affecting commerce.

8.      One or more of Defendants has continually had the requisite number of employees for jurisdiction.

9.      At all relevant times, one or more of Defendants was an employer within the meaning of RCW 49.60 *et seq*. Defendants owned and/or operated the fishing vessel F/V Ocean Prowler, official number 632751. Defendants employed Plaintiff to work as a seaman on F/V Ocean Prowler.

10.     Venue is proper because Defendants were continuously doing business in King County, Washington and employed Plaintiff in King County, Washington.

11.     This Court has jurisdiction over claims brought under Section 1981. *DeHorney v. Bank of America Nat. Trust and Sav. Ass'n*, 879 F.2d 459, 463 (9th Cir. 1989).

12.     Plaintiff Miranda filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2012, alleging Defendants violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

13.     On December 31, 2013, the EEOC found reasonable cause to believe that Defendants subjected Plaintiff Miranda to an illegal hostile work environment, which included harassment on the basis of his national origin, repeated racial slurs and derogatory comments about Hispanics, and failure to take remedial measures. The EEOC retains jurisdiction and is continuing to investigate Plaintiff Miranda's discriminatory discharge claim.

COMPLAINT FOR DAMAGES
Page 2

14.     Plaintiff reserves the right to amend his complaint as to Title VII claims pending the outcome of the EEOC investigation.

### III.     STATEMENT OF CLAIMS

15.     Paragraphs 1 through 14 are re-alleged and hereby incorporated by reference.

16.     Defendants engaged in unlawful employment practices against Plaintiff while he was employed with Defendants in deprivation and interference with his rights under WLAD and Section 1981.

17.     Defendants subjected Plaintiff to severe and pervasive harassment and discrimination on the basis of his race (Hispanic) and national origin (Mexican).

18.     Plaintiff opposed race and national origin harassment and discrimination and engaged in protected activity.

19.     Defendants took adverse employment actions against Plaintiff Miranda, including but not limited to, discriminatorily and/or retaliatorily denying him promotions, and ultimately terminating his employment.

20.     Defendants' adverse employment actions were motived by Plaintiff's race (Hispanic), his national origin (Mexican), and his opposition to Defendant's discriminatory conduct.

21.     Defendants had knowledge of numerous incidents of race and national origin discrimination and harassment and Defendants failed to take prompt and effective remedial measures to stop or prevent them.

22.     Other similarly-situated employees suffered discrimination, harassment and retaliation.

23.     Defendants acted maliciously, and in reckless disregard for Mr. Miranda's rights under the law.

24.     The unlawful employment practices complained of above were intentional.

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

25. The effect of the practices complained of in the above paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, national origin and opposition to Defendants' unlawful activities.

## IV. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A. Grant a permanent injunction enjoining Defendants from engaging in any other unlawful employment practices.

B. Order Defendants to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the acts complained of in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

E. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation, emotional pain, suffering, distress, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Plaintiff punitive damages for the conduct described in the above paragraphs, in amounts to be determined at trial, to the fullest extent allowed by law.

G. Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

H. Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

COMPLAINT FOR DAMAGES
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

1    I.    Award Plaintiffs other damages including prejudgment interest and post-

2  judgment interest.

3    J.    Grant any additional or further relief as provided by law, which this Court find

4  appropriate, equitable, or just.

5

6

7

8

9              DATED this 3rd day of November, 2014.

10                              THE BLANKENSHIP LAW FIRM, P.S.

11

12

13             By: _____
                   Scott C. G. Blankenship, WSBA No. 21431
14                 Robin J. Shishido, WSBA No. 45926
                   The Blankenship Law Firm, P.S.
15                 1000 Second Avenue, Suite 3250
                   Seattle, WA 98104
16                 Telephone: (206) 343-2700
                   Fax: (206) 343-2704
17                 Email:   sblankenship@blankenshiplawfirm.com
                            rshishido@blankenshiplawfirm.com
18                 Attorneys for Plaintiff

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

# EXHIBIT C

## to

# Notice of Removal

FILED

14 NOV 03 PM 2:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Francisco Miranda | NO.    14-2-29906-1 SEA |
|             Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | |
| | ASSIGNED JUDGE:  Rietschel, Jean, Dept. 36 |
| Alaska Longline, LLC, Ocean | |
| Prowler, LLC and Prowler | FILED DATE: 11/3/2014 |
| Fisheries, Inc. | TRIAL DATE: 12/7/2015 |
|             Respondent(s) | SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

_____ | _____

       PRINT NAME                                     SIGN NAME

# I. NOTICES  (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING_ AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 11/3/2014 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR2.1(a) and Notices on page 2]. **$220 Arbitration fee must be paid** | 4/13/2015 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on page 2] | 4/13/2015 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)] | 4/27/2015 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)] | 7/6/2015 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [KCLCR 26(b)] | 8/17/2015 |
| | **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)] | 8/31/2015 |
| | **DEADLINE** for Change in Trial Date [See KCLCR 40(e)(2)] | 8/31/2015 |
| | **DEADLINE** for Discovery Cutoff [See KCKCR 37(g)] | 10/19/2015 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR16(b)] | 11/9/2015 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)] | 11/16/2015 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | 11/16/2015 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56;CR56] | 11/23/2015 |
| √ | Joint Statement of Evidence [See KCLCR 4(k)] | 11/30/2015 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusion of Law with the Clerk) | 11/30/2015 |
| | Trial Date [See KCLCR 40] | 12/7/2015 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: ___11/3/2014___

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**
**A. Noting of Motions**
**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

# EXHIBIT D

## to

## Notice of Removal

FILED
15 JAN 22 PM 12:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

THE HONORABLE JEAN RIETSCHEL

IN THE SUPERIOUR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

FRANCISCO MIRANDA,

             Plaintiff,

    v.

ALASKA LONGLINE, LLC, OCEAN
PROWLER, LLC and PROWLER FISHERIES,
INC.

             Defendants.

No. 14-2-29906-1 SEA

ACCEPTANCE OF SERVICE

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

I, STEVEN GOLDSTEIN, declare under penalty of perjury under the laws of the State of Washington that I have the authority to and hereby accept service of the Complaint, Summons to Alaska Longline LLC, Summons to Ocean Prowler, LLC, Summons to Prowler Fisheries, Inc., and the Order Setting Civil Case Schedule in the above-captioned matter.

DATED this _14_ day of January, 2015.

By and Sworn: _____
Steven Goldstein, WSBA No. 11042

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

# EXHIBIT E

## to

## Notice of Removal

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

FRANCISCO MIRANDA,

        Plaintiff,

    vs.

ALASKA LONGLINE, LLC., OCEAN
PROWLER, LLC AND PROWLER
FISHERIES LLC.

        Defendants.

NO. 14-2-29906-1 SEA

NOTICE OF FILING OF NOTICE OF
REMOVAL TO FEDERAL COURT

**NOTICE OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT**

TO: Clerk of Court, Superior Court of Washington for King County

AND TO: Plaintiff and his attorneys, Scott Blankenship

Please take notice that pursuant to 28 U.S.C. §1331 and §1441, Defendants Alaska

Longline, LLC., Ocean Prowler LLC., and Prowler Fisheries LLC filed a Notice of Removal in

the United States District Court for the Western District of Washington on this day, and that

said matter shall proceed hereafter in the United States District Court for the Western District

of Washington. A copy of the said Notice of Removal is attached to this Notice as Exhibit A,

and is served and filed herewith. A copy of the Notice of Removal to Plaintiff is attached to

this Notice as Exhibit B.

NOTICE OF FILING OF NOTICE
REMOVAL TO FEDERAL COURT     - 1 -
448919/012715 1251/73750014

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

DATED this 28th day of January, 2015.

BETTS, PATTERSON & MINES, P.S.

By _Steven Goldstein_
Steven Goldstein, WSBA #11042
Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# EXHIBIT F

## to

# Notice of Removal

SUPERIOR COURT FOR THE STATE OF WASHINGTON
COUNTY OF KING

FRANCISCO MIRANDA,

        Plaintiff,

      vs.

ALASKA LONGLINE, LLC., OCEAN
PROWLER, LLC AND PROWLER
FISHERIES LLC.

        Defendants.

NO. 14-2-29906-1 SEA

NOTICE TO PLAINTIFF OF FILING
OF NOTICE OF REMOVAL TO
FEDERAL COURT

**NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL
TO FEDERAL COURT**

TO: Plaintiff Francisco Miranda

AND TO: Scott Blankenship, His Attorney

Please take notice that a Notice of Removal of this action was filed in the United States
District Court for the Western District of Washington on this day. A copy of the Notice of
Removal is attached to this Notice as Exhibit A, and is served and filed herewith. A copy of
the Notice of Filing of Notice of Removal is attached to this Notice as Exhibit B.

NOTICE TO PLAINTIFF OF FILING OF
NOTICE REMOVAL TO FEDERAL
COURT                                                                 - 1 -
829826/013015 0954/6184-0171

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

DATED this __30__ day of January, 2015.

                    BETTS, PATTERSON & MINES, P.S.


                    By _____*Steven Goldstein*_____
                         Steven Goldstein, WSBA #11042
                         Attorneys for Defendants

NOTICE TO PLAINTIFF OF FILING OF
NOTICE REMOVAL TO FEDERAL
COURT                                           - 2 -
829826/013015 0954/6184-0171

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988