FILED
14 NOV 03 PM 2:09

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-29906-1 SEA

IN THE SUPERIOUR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

FRANCISCO MIRANDA,

    Plaintiff,

v.

ALASKA LONGLINE, LLC, OCEAN PROWLER, LLC and PROWLER FISHERIES, INC.

    Defendants.

No.

COMPLAINT FOR DAMAGES

COMPLAINT FOR DAMAGES
Page i

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment, equitable relief, and monetary damages, instituted to secure the protection of and redress the deprivation of rights secured through the Washington Law Against Discrimination, RCW 49.60, *et seq.* ("WLAD") and 42 U.S.C. § 1981, *et seq.* ("Section 1981"). Plaintiff Francisco Miranda alleges that Defendants Alaska Longline, LLC, Ocean Prowler, LLC, and Prowler Fisheries, Inc. (collectively, "Defendants") subjected him to harassment and discrimination on the basis of his race (Hispanic) and national origin (Mexican). Plaintiff also alleges that Defendants retaliated against him for opposing the harassment and discrimination, and took adverse actions against him, including ultimately terminating his employment because of his race (Hispanic) and national origin (Mexican). Plaintiff alleges that these actions by Defendants violate WLAD and Section 1981.

2. Plaintiff seeks monetary and injunctive relief from Defendants, including relief for pecuniary and non-pecuniary damages, compensatory damages, and punitive damages to the fullest extent authorized by law.

3. Plaintiff Miranda reserves the right to amend his complaint to include claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

4. Plaintiff has filed charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found reasonable cause to believe that Defendants subjected Plaintiff to an illegal hostile work environment, which included harassment on the basis of his national origin, repeated racial slurs and derogatory comments about Hispanics, and failure to take proper steps to stop the harassing conduct. The EEOC is still investigating the Title VII claims for discriminatory discharge and retains jurisdiction.

COMPLAINT FOR DAMAGES
Page 1

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

## II.   JURISDICTION, VENUE AND PARTIES

5. This Court has jurisdiction pursuant to RCW 2.08.010 because Plaintiff requests relief exceeding $300.00.

6. At all times relevant to this complaint, one or more of Defendants conducted business in the State of Washington.

7. At all relevant times, Defendants were employers engaged in an industry affecting commerce.

8. One or more of Defendants has continually had the requisite number of employees for jurisdiction.

9. At all relevant times, one or more of Defendants was an employer within the meaning of RCW 49.60 *et seq*. Defendants owned and/or operated the fishing vessel F/V Ocean Prowler, official number 632751. Defendants employed Plaintiff to work as a seaman on F/V Ocean Prowler.

10. Venue is proper because Defendants were continuously doing business in King County, Washington and employed Plaintiff in King County, Washington.

11. This Court has jurisdiction over claims brought under Section 1981. *DeHorney v. Bank of America Nat. Trust and Sav. Ass'n*, 879 F.2d 459, 463 (9th Cir. 1989).

12. Plaintiff Miranda filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2012, alleging Defendants violated Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

13. On December 31, 2013, the EEOC found reasonable cause to believe that Defendants subjected Plaintiff Miranda to an illegal hostile work environment, which included harassment on the basis of his national origin, repeated racial slurs and derogatory comments about Hispanics, and failure to take remedial measures. The EEOC retains jurisdiction and is continuing to investigate Plaintiff Miranda's discriminatory discharge claim.

COMPLAINT FOR DAMAGES
Page 2

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

14. Plaintiff reserves the right to amend his complaint as to Title VII claims pending the outcome of the EEOC investigation.

### III. STATEMENT OF CLAIMS

15. Paragraphs 1 through 14 are re-alleged and hereby incorporated by reference.

16. Defendants engaged in unlawful employment practices against Plaintiff while he was employed with Defendants in deprivation and interference with his rights under WLAD and Section 1981.

17. Defendants subjected Plaintiff to severe and pervasive harassment and discrimination on the basis of his race (Hispanic) and national origin (Mexican).

18. Plaintiff opposed race and national origin harassment and discrimination and engaged in protected activity.

19. Defendants took adverse employment actions against Plaintiff Miranda, including but not limited to, discriminatorily and/or retaliatorily denying him promotions, and ultimately terminating his employment.

20. Defendants' adverse employment actions were motived by Plaintiff's race (Hispanic), his national origin (Mexican), and his opposition to Defendant's discriminatory conduct.

21. Defendants had knowledge of numerous incidents of race and national origin discrimination and harassment and Defendants failed to take prompt and effective remedial measures to stop or prevent them.

22. Other similarly-situated employees suffered discrimination, harassment and retaliation.

23. Defendants acted maliciously, and in reckless disregard for Mr. Miranda's rights under the law.

24. The unlawful employment practices complained of above were intentional.

COMPLAINT FOR DAMAGES
Page 3

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

25. The effect of the practices complained of in the above paragraphs has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, national origin and opposition to Defendants' unlawful activities.

## IV. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court:

A. Grant a permanent injunction enjoining Defendants from engaging in any other unlawful employment practices.

B. Order Defendants to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the acts complained of in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

E. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the acts complained of in the above paragraphs, including without limitation, emotional pain, suffering, distress, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Plaintiff punitive damages for the conduct described in the above paragraphs, in amounts to be determined at trial, to the fullest extent allowed by law.

G. Order Defendant to pay Plaintiff for any and all tax consequences associated with the damages and cost award, including but not limited to attorney's fees.

H. Award Plaintiff the costs of this action, including attorney's fees, expert fees, and all other costs to the fullest extent allowed by law.

COMPLAINT FOR DAMAGES
Page 4

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700

I. Award Plaintiffs other damages including prejudgment interest and post-judgment interest.

J. Grant any additional or further relief as provided by law, which this Court find appropriate, equitable, or just.

DATED this 3rd day of November, 2014.

THE BLANKENSHIP LAW FIRM, P.S.

By: _____
Scott C. G. Blankenship, WSBA No. 21431
Robin J. Shishido, WSBA No. 45926
The Blankenship Law Firm, P.S.
1000 Second Avenue, Suite 3250
Seattle, WA 98104
Telephone: (206) 343-2700
Fax: (206) 343-2704
Email:  sblankenship@blankenshiplawfirm.com
          rshishido@blankenshiplawfirm.com
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
Page 5

THE BLANKENSHIP LAW FIRM, P.S.
1000 Second Avenue, Suite 3250
Seattle, Washington 98104
(206) 343-2700